**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Frank L. Mills, Jr., Appellant.

Appellate Case No. 2023-001273

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-315
Submitted June 5, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, for Respondent.

———————

**PER CURIAM:** This criminal appeal arises from a hotel robbery. Appellant Frank L. Mills, Jr. was convicted of armed robbery, possession of a weapon during the commission of a violent crime, and three counts of kidnapping. He was sentenced to concurrent terms of life imprisonment without the possibility of parole for armed

robbery and three counts of kidnapping. Mills argues the trial court erred by refusing to declare a mistrial when a witness intimated that Mills was previously incarcerated and by allowing his mugshots into evidence. We affirm.

## I.     Mistrial

Mills argues the trial court erred when it denied his mistrial motion after the State elicited testimony from a witness that the witness knew Mills from their time together at "Jump Start," a reentry program for current and former prisoners. We hold Mills waived any challenge to the testimony on appeal by declining a curative instruction. *See State v. Bantan*, 387 S.C. 412, 418, 692 S.E.2d 201, 204 (Ct. App. 2010) (holding that a defendant "waived any challenge to the offending testimony on appeal" by "rejecting the trial court's offer to give a curative instruction" after seeking—and being denied—a mistrial); *State v. Tucker*, 324 S.C. 155, 169, 478 S.E.2d 260, 267 (1996) (holding the defendant waived his argument on appeal that the trial court erred by refusing to grant a mistrial because of the solicitor's improper closing argument when the defendant refused the trial court's offer for a curative instruction); *State v. Watts*, 321 S.C. 158, 163–65, 467 S.E.2d 272, 276 (Ct. App. 1996) (holding the defendant was not entitled to relief on appeal when he requested a mistrial following improper cross-examination by the State, was denied a mistrial, and declined the trial court's offer for a curative instruction out of fear the instruction would serve only to highlight the error).

## II.     Mugshots

Mills argues the circuit court erred by admitting mugshots of him because, under Rule 403, SCRE, the probative value of the photos was substantially outweighed by the danger of unfair prejudice. Mills argues the mugshots were unnecessary and needlessly cumulative because the State had already introduced a photograph of Mills from a news article, which showed that he had acne scars.[1]

We hold the mugshots were not needlessly cumulative and their probative value was not substantially outweighed by the danger of unfair prejudice. *See* Rule

---

[1] Mills also argues that the mugshots did not meet the requirements for admitting mugshots outlined in *State v. Traylor*, 360 S.C. 74, 84, 600 S.E.2d 523, 528 (2004), but this argument was not raised to the trial court and is, therefore, unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").  The mugshots differed from the photo of Mills from the news article in two key ways: (1) they were higher resolution and (2) they depicted him from multiple angles.  Because identity was the primary issue at trial, the importance of the mugshots was heightened and better equipped the jury to evaluate the reliability of the witnesses' identification of Mills as the robber.  *See State v. Stephens*, 398 S.C. 314, 320–21, 728 S.E.2d 68, 72 (Ct. App. 2012) (holding the use of mugshots was not needlessly cumulative where the trial centered on the reliability of the witnesses' identification of the defendant as the perpetrator of the crime, thereby increasing the probative value of the mugshots).

Further, the mugshots did not suggest Mills had a criminal record because they were not obviously mugshots, and Investigator Guest's testimony made clear the photographs were related to his arrest in the crime before the jury.  In the photos, Mills is wearing plain clothing, and the pictures are cropped from his shoulders up in front of a plain background.  This is unlike the mugshots our supreme court admonished the use of in *Traylor*, which had numerical markings on the side indicating a height in inches.  *Traylor*, 360 S.C. at 77–78, 84, 600 S.E.2d at 524–25, 528; *see also Stephens*, 398 S.C. at 322, 728 S.E.2d at 72 (upholding the introduction of a mugshot into evidence because the mugshot showed only the subject's head and neck against a blank background, bore no identifying marks as to date, location, agency, or purpose of the photograph, and depicted the subject wearing plain clothes).  It was also clear to the jury when Investigator Guest testified that they were "booking photos" that the mugshots were related to the crime for which Mills was on trial, not some other crime.  *See Traylor*, 360 S.C. at 84, 600 S.E.2d at 528 (holding the erroneous admission of mugshots was not prejudicial because the testimony made clear the photos were taken pursuant to booking the defendant for the crime for which he was on trial); *cf. State v. Thompson*, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) (finding no prejudice in a reference to warrants against the defendant because "it would be reasonable to assume the jury inferred that the warrants related to the charged offenses").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.